UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NORTHERN ASSURANCE COMPANY OF AMERICA, | : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 3:07-cv-00057 (VLB) |
| ADAM RATHBUM ET AL., | : : | |
| Defendants. | : | July 25, 2008 |

## MEMORANDUM OF DECISION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. #38]

This is an action for a declaratory judgment brought by the plaintiff, Northern Assurance Company of America ("Northern"), against the defendants, Adam Rathbum and Westerly Community Credit Union ("Westerly"). Northern asserts admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333. Rathbum was defaulted for failure to appear, and Northern subsequently filed a motion for summary judgment as to Westerly. For the reasons given below, Northern's motion [Doc. #38] is GRANTED.

The following facts are relevant to Northern's motion for summary judgment. In November 2004, Rathbum obtained mortgage financing from Westerly in order to purchase a commercial fishing vessel docked in Connecticut. Rathbum also purchased a maritime insurance policy for the vessel from Northern. The policy was valid for one year, ending on November 12, 2005, and designated Westerly as the loss payee. By its express terms, the policy was issued "[i]n consideration of the premium and the stipulations, terms and

conditions hereinafter mentioned . . . ." [Doc. #40, Ex. 3, p. 11] The commercial fishing vessel endorsement of the policy included the following term known as a captain warranty:

> **It is a provision of this coverage that the Assured shall disclose the name(s) of all captain(s) which are operating the boat(s) as of the effective date of this policy and these captain(s) shall be named hereunder as follows:**
> **Adam Rathburn [sic]**
> **In the event that the Assured hires additional or replacement full-time captains (with the exception of existing qualified crew members working onboard), underwriters will require that the Assured provide the Company with information concerning their experience, qualifications and general reputation within the industry as soon as possible. The Assured agrees to exercise due diligence in the hiring or replacing of captains.**

[Doc. #40, Ex. 3, p. 24] Furthermore, the policy provided for cancellation by either party with fifteen days notice. [Doc. #40, Ex. 3, p. 29] The policy also stated that it was void if the management of the vessel changed. Specifically, it stated: "*[t]his insurance shall be void* in case this policy or the vessel named herein, shall be sold, assigned, transferred or pledged, or *if there be any change of management or charter of the vessel, without the previous consent in writing of this Company*." (Emphasis added.) [Doc. #40, Ex. 3, p. 13]

Northern renewed Rathbum's policy for another year through November 12, 2006. In January 2006, Rathbum hired a new captain for the vessel but did not notify Northern of the change or disclose any information about the new captain as required by the captain warranty. On June 1, 2006, while the new captain was

2

in charge of the vessel, it ran aground and sank near Montauk, New York. Rathbum was not on board at the time of the accident. Northern did not learn about the new captain until after the loss occurred.

Northern then filed this action, claiming that Rathbum had violated the captain warranty and could not recover under the policy for the loss of the vessel. Northern also claimed that Westerly, as the loss payee, could not recover because it had no greater rights than Rathbum had. Northern's claim regarding Westerly is the subject of Northern's motion for summary judgment.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court "construe[s] the evidence in the light most favorable to the non-moving party and . . . draw[s] all reasonable inferences in its favor." Huminski v. Corsones, 396 F.3d 53, 69-70 (2d Cir. 2004). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party, summary judgment must be denied." Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH, 446 F.3d 313, 315 (2d Cir. 2006). "The moving party bears the burden of showing that he or she is entitled to summary judgment." Huminski, 396 F.3d at 69.

As an initial matter, the Court considers which law applies to the maritime insurance policy in the present case. "Absent a specific federal rule, federal courts look to state law for principles governing maritime insurance policies . . .

3

and apply federal maritime choice of law rules to determine which state's law to apply . . . . There is no specific federal rule governing construction of maritime insurance contracts." Commercial Union Ins. Co. v. Flagship Marine Services, Inc., 190 F.3d 26, 30 (2d Cir. 1999). "Under federal choice-of-law rules, [the Court] determine[s] which state law to use by ascertaining and valuing points of contact between the transaction [giving rise to the cause of action] and the states or governments whose competing laws are involved. . . . More concretely, this choice-of-law analysis should include an assessment of the following contacts: (1) any choice-of-law provision contained in the contract; (2) the place where the contract was negotiated, issued, and signed; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties." Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 162 (2d Cir. 1998). The parties have not given significant attention to the choice of law issue in this case, but they agree that Connecticut law should apply. The Court agrees because Rathbum obtained the maritime insurance policy in Connecticut and the vessel was docked in Connecticut.

Although Connecticut law governs the policy, there are no Connecticut statutes or case law interpreting captain warranties in maritime insurance policies. Federal courts have faced the dearth of state law in other similar cases, and the United States Court of Appeals for the Second Circuit has explained that "the law of most states [provides that] warranties in maritime insurance contracts

4

must be strictly complied with, even if they are collateral to the primary risk that is the subject of the contract, if the insured is to recover. . . . The rule of strict compliance with warranties in marine insurance contracts stems from the recognition that it is peculiarly difficult for marine insurers to assess their risk, such that insurers must rely on the representations and warranties made by insureds regarding their vessels' condition and usage." Commercial Union Ins. Co., 190 F.3d at 31-32. "In marine insurance, there is historically no requirement that the breach of warranty relate to the loss, so that any breach bars recovery even though a loss would have happened had the warranty been carried out to the letter." Yu v. Albany Ins. Co., 281 F.3d 803, 809 (9th Cir. 2002) (quoting 6 Lee R. Russ & Thomas F. Segalla, Couch on Insurance § 83:20 (3d ed. 1995)).

In the present case, there is no dispute that Rathbum failed to disclose any information about the captain who was in charge of the vessel at the time of the accident, even though Rathbum had hired the captain over five months beforehand. Northern could have exercised its right to cancel the policy if Rathbum had notified Northern of the new captain. Because the change of captain constituted a change of management of the vessel, the policy was therefore void by its express terms. See Doc. #40, Ex. 3, p. 13. Furthermore, pursuant to the rule of strict compliance, Rathbum would not be able to recover under the policy. The policy does not grant Westerly any greater right to recovery, and, therefore, Rathbum's breach precludes Westerly from recovering under the policy. See Pavano v. Western National Ins. Co., 139 Conn. 645, 649

(1953) (the loss payee's "substantive rights were no better than those acquired under the policy by [the insured]"); see also Ressler v. White, 968 F.2d 1478, 1479-80 (2d Cir. 1992).

Westerly briefly makes two arguments against that outcome. First, Westerly suggests that the captain warranty in the policy is ambiguous, but Westerly does not explain how the warranty could be ambiguous. "The starting point in interpreting an insurance policy is to determine whether the policy terms are ambiguous. As a general rule, plain or unambiguous language will be given its ordinary meaning and effect, and the need to resort to rules of construction arises only when an ambiguity exists. . . . As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading. . . . The determination of whether an insurance policy is ambiguous is a matter of law for the court to decide." Commercial Union Ins. Co., 190 F.3d at 32-33.

In the present case, the warranty provides that upon the hiring of captains, "underwriters will require that the Assured provide the Company with information concerning their experience, qualifications and general reputation within the industry as soon as possible." [Doc. #40, Ex. 3, p. 24] That language unambiguously contemplates that Rathbum was to inform Northern when he hired a new captain, but Rathbum failed to do so. Westerly's second argument, made without any legal authority, is that Northern must show it was prejudiced by Rathbum's failure to disclose the new captain. The rule of strict compliance,

6

however, does not require proof of prejudice.

Northern's motion for summary judgment [Doc. #38] is GRANTED. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

/s/
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: July 25, 2008.